# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD COLLINS, ) 3:17-cv-00417-MMD-WGC
      Plaintiff, )
      vs. ) **ORDER**
JOSHUA COLLINS, *et al.*, ) Re: ECF No. 17
      Defendants. )

Before the court is Plaintiff's Motion to Exclude Case from Mediation (ECF No. 17). Plaintiff requests his case be exempt from the mediation program because "Plaintiff has ben (sic) to several mediation conferences that in fact do not settle for defendants attatudes (sic) are of 'we are not doing nothing for you prove your case'" (*Id.* at 2.)

The history of this case reflects the court screened Plaintiff's second amended complaint (ECF No. 15) and Plaintiff was allowed to proceed with the following claims: (1) In Count I, Eighth Amendment claims for deliberate indifference to serious medical needs against Defendants Borg, Aranas, Keith, Moses, Jane Doe dental assistant and John Doe dentist; (2) In Count II, an Eighth Amendment excessive force claim against Defendant Dutton; (3) In Count II, First Amendment retaliation claims against Defendants Dutton, Mitchell, Marr, Johns, Naughton, Walls, Kirst, and Aranas; (4) In Count III, an Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Marr, Johns, Naughton, Walls, Kirst and Aranas, and Doe members of the Utilization Review Committee once Plaintiff discover their identities; and (5) In Count III, a First Amendment retaliation claim against Defendants Kirst, Marr, Johns, Naughton, Walls, and nurse Melissa Mitchell. (Screening Order, ECF No. 16.)

1 | The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed. (ECF No. 16.)

The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (*Id*. at 20.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. Plaintiff's rationale is that because "delaying this case any further would be a miscaraige (sic) of justice. Also access to the court would also be a issue." (ECF No. 17 at 3.)

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental Defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 16).

///
///
///
///

Plaintiff's Motion to Exclude Case from Mediation (ECF No. 17) is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 2, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE