UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD COLLINS,

                       Plaintiff,

v.

ROMEO ARANAS, *et al.*,

                       Defendants.

Case No. 3:17-cv-00417-MMD-WGC

ORDER

Plaintiff has filed on objection (ECF No. 20) to Magistrate Judge William G. Cobb's order denying Plaintiff's motion to exclude this case from mediation through the Inmate Early Mediation Program ("Motion") (ECF Nos. 17, 19).[1] Plaintiff's objection amounts to an appeal of a magistrate judge's pretrial order. Finding no clear error, the Court overrules the objection.

In reviewing a magistrate judge's non-dispositive pretrial order, the magistrate's factual determinations are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate's pretrial order issued under § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment

///

///

---

[1] Judge Cobb's order provides the relevant history of the case and facts underlying Plaintiff's Motion.

for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiff was permitted to request exclusion from mediation (ECF No. 16 at 20) and timely filed his Motion to do so (ECF No. 17). In the Motion, Plaintiff sought exclusion providing that "delaying this case any further would be a miscarriage [sic] of justice. Also access to the court would also be a [sic] issue." (ECF No. 17 at 3.) Plaintiff indicated that the reason for this belief is that he has been to "several mediation conferences" that do not settle due to the defendants' attitude "of 'we are not doing nothing for you prove your case.'" (*Id.* at 2.) Judge Cobb denied the Motion, reasoning that it was in the interest of justice for the case to proceed to mediation because "many" cases settle even when parties have been pessimistic about mediation, and even if no settlement is reached the exploration of the matter through mediation is nonetheless beneficial. (ECF No. 19 at 2.)

Plaintiff objects to Judge Cobb's order denying the Motion, indicating that he should be permitted to forgo mediation because settlement would only serve to further delay the provision of medical treatment he needs, "leaving him to suffer." (ECF No. 20 at 3.) The Court considers Plaintiff's objection as challenging the reasons underlying Judge Cobb's order.

The Court finds Judge Cobb did not clearly err in rendering his decision. While Plaintiff provides good reasons to avoid delay, it is not clear that participation in mediation would create any more delay than moving forward with proceedings in the normal course. Moreover, a mediator would be able to assist the parties in discussing any emergent medical treatment Plaintiff needs.

It is therefore ordered Plaintiff's objection (ECF No. 20) is overruled. The matter will proceed to mediation under the Inmate Early Mediation Program.

DATED THIS 2nd day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE