UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RONALD COLLINS,

Plaintiff,

v.

ROMEO ARANAS, *et al.*,

Defendants.

Case No. 3:17-cv-00417-MMD-WGC

ORDER

Plaintiff has filed an objection (ECF No. 74) to Magistrate Judge William G. Cobb's ruling to defer a final decision on Plaintiff's motion to compel (ECF No. 65). (ECF No. 73.)[1] Plaintiff's objection amounts to an appeal of a magistrate judge's pretrial order. Finding no clear error, the Court overrules the objection.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding of fact is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011) (citation and quotation marks omitted); *see also United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). But a magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the

///

---

[1] Judge Cobb's order provides more relevant details.

| | |
|---|---|
| 1 | reviewing court "may not simply substitute its judgment for that of the deciding court." |
| 2 | *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). |

The Court finds Judge Cobb did not clearly err in rendering his decision. Plaintiff particularly objects to Judge Cobb failing to grant Plaintiff's motion to compel by electing to defer ruling on that motion and allegedly not listening to Plaintiff's arguments regarding documents requested. (ECF No. 74.) The Court understands that Plaintiff challenges Judge Cobb's decision in light of Defendants' failure to respond to Plaintiff's motion. (*See id.*) It is also well-taken that LR 7-2(d) deems Defendants' failure to respond as consent to the granting of the motion to compel. However, Plaintiff fails to establish that Judge Cobb's decision to defer ruling was clearly erroneous. Judge Cobb specifically deferred ruling on the motion to compel to allow the parties to meet and confer to narrow the issues regarding the requested discovery in light of discussions that took place at the hearing during which the motion was addressed. (ECF No. 73 at 2–5.) Considering the events of the hearing (*see id.*), the Court concludes that Judge Cobb's decision to defer ruling was not clearly erroneous.

It is therefore ordered that Plaintiff's objection (ECF No. 74) is overruled.

DATED THIS 3rd day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE