|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | UNITED STATES DISTRICT COURT | |
| 4 | DISTRICT OF NEVADA | |
| 5 | * * * | |

| | | |
|---|---|---|
| 6 | RONALD COLLINS, | Case No. 3:17-cv-00417-MMD-WGC |
| 7 | Plaintiff, | ORDER |
| 8 | v. | |
| 9 | ROMEO ARANAS, *et al.*, | |
| 10 | Defendants. | |

Plaintiff Ronald Collins, an incarcerated person, brought this case under 42 U.S.C. § 1983 against multiple defendants. (ECF No. 15 (Second Amended Complaint).) Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb concerning Plaintiff's motion for preliminary mandatory injunction ("Motion") (ECF No. 23). (ECF No. 72.) In the R&R, Judge Cobb recommends that this Court grants the Motion. *Id.* Defendants have filed an objection ("Objection") (ECF No. 75) and Plaintiff has responded (ECF No. 89).[1] For the reasons below, the Court will accept and adopt the R&R in its entirety and overrule Defendants' Objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate

///

---

[1]Plaintiff has also requested an extension of time (ECF No. 88) to file his response to the Objection which the Court denies as moot.

judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *Johnstone*, 263 F. Supp. at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Defendants' Objection, this Court now engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R.[2] Judge Cobb recommends that Plaintiff's Motion be granted chiefly because Defendants failed to address the particular claims underlying Plaintiff's request for preliminary injunction or provide material evidence to undermine Plaintiff's relevant claim of deliberate indifference. (*See* ECF No. 72.) In sum, considering the pertinent factors and law Judge Cobb concluded that Plaintiff demonstrated he was entitled to emergency relief (*id.*). *See, e.g.*, *Alliance for the Wild Rockies v. Cottress*, 632 F.3d 1127, 1132 (9th Cir. 2011) (providing factors); 18 U.S.C. § 3626(a)(2) (requiring narrowly tailored relief under Prison Litigation Reform Act); *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000) (explaining that § 3626(a)(2) limits the courts' power to grant preliminary injunctive relief to inmates).

Plaintiff's Motion focused on his claim that Defendants were deliberately indifferent to his serious medical need—his left arm and a bone sticking out of his chest—because they refused to refer him to a specialist, Dr. Kam, as recommended by Dr. Wolff concerning his left arm/shoulder and possible sternoclavicular joint reconstruction and for sternal lipoma evaluation. (*See* ECF No. 23 at 32, 34–35 (Wolff's referral).) Plaintiff asks the Court to order that Defendants have him evaluated by Dr. Kam.

///

---

[2] Judge Cobb's order provides more relevant details.

2

Defendants object to the R&R, appearing to challenge Judge Cobb's conclusion that Plaintiff is likely to succeed on his deliberate indifference claim and arguing that Plaintiff cannot demonstrate irreparable harm because Plaintiff has already received an MRI and tests purportedly show Plaintiff is not at risk for further harm. (ECF No. 75.) To support their irreparable harm contention, Defendants proffer evidence not previously submitted to Judge Cobb, contending Plaintiff's need for emergency relief is essentially moot at this point by the provision of other medical treatment. (*Compare* ECF Nos. 26, 26-1 *with* ECF No. 75 at 3, 6–7.) First, Defendants provide that a doctor—Dr. Lagios— performed a neurologic examination on Plaintiff on February 21, 2019 and a EMG (electromyography and nerve conduction study) on April 22, 2019. (ECF No. 75 at 6; ECF Nos. 77-3, 77-4.) Next, Defendants note that Plaintiff received an MRI of his neck and left arm on May 20, 2019. (ECF No. 75 at 6–7; ECF Nos. 77-6, 77-6.) Defendants' position amounts to a contention that Plaintiff cannot establish that they are deliberately indifferent because Plaintiff continues to receive some medical treatment. (*See generally* ECF No. 75.)

The Court will overrule Defendants' Objection because the Court finds the Objection suffers from the same material deficiencies noted in the R&R. Chiefly, Defendants do not discuss Dr. Wolff's referral to Dr. Kam, which Dr. Wolff made even "after he had reviewed the very CT results that the Utilization Review Committee relied on in deferring [Wolff's initial] referral." (ECF No. 72 at 16.) To be clear, Dr. Wolff referred Plaintiff to Dr. Kam on April 11 and June 6, 2018. (ECF No. 23 at 32, 34–35.) Additionally, it is undisputed that Plaintiff continued to kite for months complaining that he was in pain and the alternative diagnosis and treatment Defendants' have provided Plaintiff has failed to discern and/or alleviate pain related to Plaintiff's left arm/shoulder and sternoclavicular lipoma. *See, e.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 n.8 (9th Cir. 2012) (citation omitted) ("[U]nnecessary delay in administration of prescribed treatment can amount to deliberate indifference"); *see also Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (concluding that a trier of fact could find awareness of plaintiff's need for treatment

and that the doctor's "failure to see [the plaintiff] to ensure [administration of the prescribed treatment] was deliberate indifference to a serious medical condition"); *McGuckin v. Smith,* 974 F.2d 1050, 1062 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (observing that a delay in treating the plaintiff's condition forced him "to endure over seven months of unnecessary pain" and no explanation was available for a failure to provide the plaintiff with a "CT scan and surgery . . . promptly after his need for those services was unambiguously diagnosed"). Therefore, Defendants do not undermine Judge Cobb's conclusion that Plaintiff is likely to succeed on the merits of his narrow deliberate indifference claim.

Moreover, the Court finds that the newly provided evidence Defendants rely on—to support a lack of irreparable harm—does not clearly foreclose the issue. For example, ECF No. 77-5 documents an exam of the "[c]ervical spine." (ECF No. 77-5 at 1.) This evidence does not clearly bear on the issues relating to Plaintiff's left arm/shoulder and any sternoclavicular lipoma. Defendants' reference to ECF No. 77-3 is also not adequately representative of Dr. Lagios' findings. (*Compare* ECF No. 75 at 6 *with* ECF No. 77-3.) As Defendants' note, Dr. Lagios provides "it is difficult to ascertain what the actual neurologic abnormalities were that were present in [Plaintiff's] presentation . . . he has no symptoms consistent with radicular neuropathy." (ECF No. 77-3 at 2.) But, Dr. Lagios also couched this statement based on the fact that he was conducting a "clinical bedside examination" and suggested that an MRI and the opinion of an *orthopedist* was needed. (*Id.*)

Further, Plaintiff has submitted a response to the Objection, which in part challenges Dr. Lagios' finding that there is no support for brachial plexopathy—which Defendants rely on (ECF No. 75 at 6; ECF No. 77-3 at 2; ECF No. 77-4 at 3). (ECF No. 89 at 3, 24.) In his response, Plaintiff provides that he was "finally seen" by Dr. Long—an orthopedist—on June 19, 2019. (*Id.*) Notably, this is subsequent to the February, April, and May 2019 medical diagnoses that Defendants' rely on. Plaintiff contends that Dr. Long's findings support Dr. Wolff's findings which led to the latter's recommendation that Plaintiff be examined by Dr. Kam. (*Id.* at 3, 6.) Plaintiff suggests that Dr. Long disagrees

4

1 | with Dr. Lagios' conclusion that Plaintiff's condition does not support a brachial plexopathy. (*Id.* at 6.)

Plaintiff provides a copy of the prison's daily call medical list to show he met with Dr. Long on June 19, 2019 (*id.* at 24). Plaintiff additionally notes that Defendants continue to deny him access to his medical records so he his unable to provide the Court with Dr. Long's report (*id.* at 7). Defendants' failure to provide Plaintiff with his medical reports/files is incompliant with an order the Court issued on July 3, 2019. (ECF No. 85.) That order directed that Defendants must provide Plaintiff "access to his medical reports/files in a manner that is compliant with pertinent administrative regulations." (*Id.*) The purpose of providing the medical records was to provide Plaintiff with medical information Plaintiff alleged he needed to properly respond to Defendants' Objection. Defendants' failure to provide Plaintiff timely access to his medical records is unacceptable.

In any event and for the reasons stated above, the Court accepts the R&R and overrules Defendants' Objection.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 72) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's motion for preliminary injunction (ECF No. 23) is therefore granted. Defendants must have Plaintiff evaluated by Dr. Kam regarding the left arm/shoulder and sternoclavicular lipoma, consistent with Dr. Wolff's recommendations in April and June 2018. Defendants are required to do so within 30 days of this order and file a status report to demonstrate compliance with this order.

It is further ordered that Defendants' Objection (ECF No. 75) is overruled.

It is further ordered that Plaintiff's motion to extend time (ECF No. 88) is denied as moot.

DATED THIS 16th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE