UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD COLLINS, ) 3:17-cv-00417-MMD-WGC
)
    Plaintiff, ) **ORDER**
)
vs. ) Re: ECF Nos. 73, 84, 85, 87, 91
)
ARANAS, *et al.*, )
)
    Defendants. )
_____)

    Before the court is Plaintiff's Objection to Defendants Not Producing Court Ordered Documents and Request for Sanctions and Rehearing on ECF No. 65. (ECF No. 84.) Defendants filed a response. (ECF No. 91.) Plaintiff filed a reply. (ECF No. 95.) Defendants also filed a response (ECF No. 96) to Plaintiff's motion to compel (ECF No. 87) that is relevant to the present motion for sanctions. In this motion, Plaintiff seeks sanctions against Defendants for their alleged failure to follow the court's orders set forth at ECF Nos. 73 and 85.

## I. BACKGROUND

    On June 12, 2019, this court issued a series of rulings in ECF No. 73 pertaining to Plaintiff's motion to compel. Insofar as this order is concerned, these rulings included the following: (1) Defendant Naughton was to file a supplemental interrogatory response to provide the names of the members of the Utilization Review Committee (URC) who approved or denied Dr. Naughton's recommendations for further medical care; (2) Defendant Dr. Aranas or someone else in the NDOC medical hierarchy should produce the names of members of the URC from 2015 to present; and (3) Defendants were to produce copies of Plaintiff's medical-dental kites which he could keep in his cell as they are not medical records.

The minutes of the proceedings also indicate the Deputy Attorney General (DAG) stated that photographs of the Nevada Department of Corrections (NDOC) transport van had already been given to the Plaintiff. In a subsequent order issued by District Judge Du, Defendants were to provide Plaintiff access to his medical reports/files in a manner compliant with pertinent administrative regulations no later than July 5, 2019. (ECF No. 85.)

Plaintiff argues Defendants failed to comply with these orders by not providing the requested documents and not providing his medical kites to him directly. Plaintiff also argues he has not been given the access to his medical reports/files as ordered by Judge Du.

In their response, Defendants state that Defendant Naughton and Aranas provided "analysis and objections" with respect to the names of the URC members. Defendants also assert that all of Plaintiff's medical kites have been provided to him, and a photograph of the NDOC transport van has been provided, although the photo did not portray a step because the NDOC does not use a step.

In their response to a separate motion, Defendants address Plaintiff's allegation of their claimed non-compliance with Judge Du's order regarding Plaintiff's access to his medical records. (ECF No. 96.) Defendants contend that Plaintiff is permitted to view his medical records and request copies in accordance with applicable prison regulations.

## II. THE COURT'S POWER TO IMPOSE SANCTIONS

The Local Rules of Practice for the District of Nevada state that a court may, after "notice and an opportunity to be heard", impose appropriate sanctions on an attorney or party who "[f]ails to comply with any order of this court." LR IA 11-8.

Federal Rule of Civil Procedure 37(b)(2)(A) also allows for the imposition of sanctions when there is a failure to comply with a court order.

The Supreme Court has held a federal court also has the inherent power to impose sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The inherent power is "not conferred by rule or statute," but exists for courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (quotation marks and citation omitted). To impose sanctions under the inherent power, a court is required to make an explicit finding of bad faith or willful misconduct. *See In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Fink v.*

*Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). This inherent power, however, is to be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44.

### III. DISCUSSION

There are several components to Plaintiff's motion for sanctions: (1) the order requiring Defendants Naughton and Aranas to provide the names of the URC members; (2) the order requiring Defendants to provide Plaintiff his medical-dental kites; (3) the photograph of the transport van; and (4) Judge Du's order that Plaintiff be able to access his medical records. The court will address each component in turn.

First, the court ordered both defendant Naughton and defendant Aranas, or someone else in the NDOC medical hierarchy, to submit supplemental interrogatory responses providing the names of members of the URC. The court interprets Plaintiff's motion as asserting that he has not yet been provided these names. Defendants' response simply states Defendants Naughton and Aranas have "provided analysis and Objection to providing names of the Utilization Review Committee." (ECF No. 91.) "Analysis and objection" are not in compliance with the court's order for the Defendants to provide the names of the URC. As such, the Defendants have **TEN (10) DAYS** from the date of this order to provide the names of the requested URC members in compliance with the court's previous order or sanctions will be considered under Rule 37.

The second component the court will address is Plaintiff's medical-dental kites. Defendants were ordered to produce copies of Plaintiff's medical-dental kites for Plaintiff to keep in his cell. In their response, Defendants represented to the court that they provided these kites to the Plaintiff. However, the letter provided to the Plaintiff by Defendants is ambiguous as to how the kites were provided. (ECF No. 84 at 5.) The court's interpretation of the letter is that Plaintiff is required to submit a written kite to the Warden's Office to review the kites. If so, this is also not in compliance with what the court ordered, and the Defendants have **TEN (10) DAYS** from the date of this order to provide Plaintiff his medical-dental kites in a manner compliant with the court's previous order or face sanctions under Rule 37.

The third component the court will address is the photograph of the NDOC transport van. During the initial hearing on June 12, 2019, DAG Hough represented to the court that photographs of the NDOC

transport van had been provided to the Plaintiff. As a result, the court denied Plaintiff's request to compel production of the photo as moot. Plaintiff appears to argue the photograph of the van was requested to portray a step. Defendants maintain the position that photographs of the van have been provided to the Plaintiff without the step because the NDOC does not use a step. Accordingly, the court finds no basis for sanctions pertaining to the production of the photograph of the van.

Lastly, the court will examine Plaintiff's access to his medical records as ordered by Judge Du on July 3, 2019. Plaintiff's briefing indicates Defendants have not given him access to his medical records and are non-compliant with the order. Defendants represent to the court that the NDOC has given Plaintiff access to his medical records in a manner compliant with administrative regulations, and the specific access Plaintiff is requesting through the legal library is not permitted by HIPAA or NNCC regulations. Given that plaintiff has been given access in a manner compliant with pertinent administrative regulations, the court finds Defendants compliant with Judge Du's order and as such, there is no basis for sanctions.

### IV. CONCLUSION

Plaintiff's motion for sanctions is **DENIED** subject to imposition of sanctions if Defendants do not, within **TEN (10) DAYS** of entry of this order, provide the names of the URC members and produce copies of Plaintiff's medical-dental kites to him as ordered in ECF No. 73.

Defendants shall file a notice indicating their compliance within **TEN (10) DAYS** or the court will hold a show cause hearing as to why sanctions should not be imposed.

**IT IS SO ORDERED**.

Dated: August 5, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE